UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MICHAEL HALLIBURTON #00552141, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:21-cv-00642 |
|  | ) | Judge Trauger |
| JUDGE DEE DAVID GAY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Michael Halliburton, an inmate at Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 against Judge Dee David Gay, the Chair of the Tennessee Board of Judicial Conduct (BJC). (Doc. No. 1.) The plaintiff paid the full filing fee. (Doc. No. 4.) This action is before the court for initial review under the Prison Litigation Reform Act. 28 U.S.C. § 1915A. And as explained below, this action will be dismissed.

**I.  Initial Review**

Because the plaintiff is a prisoner suing a governmental officer, the court must dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). And because the plaintiff is representing himself, the court must liberally construe the complaint and hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A.  Factual Background**

In 2015, a Shelby County jury convicted the plaintiff of attempted first-degree premeditated murder, two counts of aggravated assault, and one count of domestic assault. (Doc.

No. 1 at 1); *State v. Halliburton*, No. W2015-02157-CCA-R3-CD, 2016 WL 7102747, at *1 (Tenn. Crim. App. Feb. 6, 2016). The plaintiff unsuccessfully challenged his convictions on direct appeal and through the state post-conviction process. (Doc. No. 1 at 2–3); *see Halliburton*, 2016 WL 7102747, *perm. app. denied* Apr. 13, 2017 (direct appeal); *Halliburton v. State*, No. W2019-01458-CCA-R3-PC, 2020 WL 4727434, at *1 (Tenn. Crim. App. Aug. 13, 2020) (post-conviction). He has a federal habeas corpus petition currently pending in the Western District of Tennessee. (Doc. No. 1 at 6); *see Halliburton v. Upton*, No. 2:21-cv-02265-SHL-atc (W.D. Tenn. Apr. 28, 2021).

Aside from these traditional avenues for seeking relief from his state court judgments, the plaintiff also filed several complaints against parties involved in his state criminal proceedings. This includes BJC complaints against Shelby County Criminal Court Judge Carter. (Doc. No. 1 at 8, 16–18). Although Judge Carter did not preside over the plaintiff's criminal trial, he became involved in the case at the motion-for-new-trial stage. That is, the original trial judge granted the plaintiff's motion for a new trial and recused herself (*id.* at 1, 10), after which the State successfully pursued an extraordinary appeal. (*Id.*) The Tennessee Court of Criminal Appeals ordered a new hearing on the motion for new trial (*id.* at 1, 10–11), and on remand, Judge Carter approved the jury's verdict and denied the motion for new trial. (*Id.* at 12.) Judge Carter also presided over the plaintiff's post-conviction proceedings at the trial court level, during which he appointed counsel for the plaintiff, held an evidentiary hearing, and denied relief. (*Id.* at 2, 13–16.)

In the BJC complaints against Judge Carter ("Carter complaints"), the plaintiff alleged that Judge Carter made false statements when ruling on the motion for new trial and exhibited bias and misconduct when conducting the post-conviction evidentiary hearing. (*Id.* at 8, 12–17.) Judge Gay, as Chair of the BJC, dismissed the Carter complaints. (*Id.* at 8, 16–18.) The plaintiff then filed a

2

Case 3:21-cv-00642   Document 5   Filed 08/30/21   Page 2 of 9 PageID #: 34

BJC complaint against Judge Gay ("Gay complaint"), alleging that Judge Gay failed to follow BJC procedure when dismissing the Carter complaints. (*Id.* at 9, 18.) Judge Brigham, another BJC member, dismissed the Gay complaint. (*Id.* at 18.) The plaintiff then filed a BJC complaint against Judge Brigham ("Brigham complaint"), alleging that Judge Brigham also failed to follow BJC procedure in dismissing the Gay complaint. (*Id.* at 18.) Judge Gay dismissed the Brigham complaint. (*Id.* at 18–19.) The plaintiff then filed yet another BJC complaint against Judge Gay, alleging that Judge Gay violated a string of Tennessee statutes and deprived him of state and federal due process rights. (*Id.* at 19.) The plaintiff alleges that he has not received an answer regarding this most recent BJC complaint against Judge Gay. (*Id.* at 9, 21.)

Judge Gay is the lone named defendant in this federal civil rights action. The plaintiff asserts that Judge Gay deprived him of due process by failing to follow and enforce BJC procedures, concealing Judge Carter's alleged misconduct, and failing to respond to the plaintiff's most recent BJC complaint. (*Id.* at 8–9, 19–21.) As relief, the plaintiff requests that Judges Carter, Gay, and Brigham be required to answer his BJC complaints in writing. (*Id.* at 22.) The plaintiff also requests an injunction ordering the BJC "to enforce the policies and statutes it is mandated to follow," and ordering the BJC to investigate Judge Gay and "all cases brought before the Board under Judge Gay's chairmanship." (*Id.* at 22–23.) Finally, the plaintiff requests a total of one million dollars in damages from Judge Gay, and that Judge Gay be "required to relinquish his law license." (*Id.* at 23.)

**B.     Legal Standard**

To determine whether the complaint "fails to state a claim on which relief may be granted" under 28 U.S.C. § 1915A, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore

3

Case 3:21-cv-00642   Document 5   Filed 08/30/21   Page 3 of 9 PageID #: 35

accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### C. Discussion

As an initial matter, the plaintiff asserts that Judge Gay violated 18 U.S.C. § 242 (Doc. No. 1 at 9), the federal statute criminalizing the willful deprivation of constitutional rights. However, there is "no private right of action" under this criminal statute, so the plaintiff fails to state a claim under Section 242. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)).

The remainder of the complaint arises under 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). The plaintiff asserts that Judge Gay deprived him of due process when resolving BJC complaints against other judges and failing to respond to a BJC complaint against himself. (Doc. No. 1 at 8–9, 19–21.) This assertion does not entitle the plaintiff to relief for four reasons.

First, to the extent that the plaintiff is asking this court to review the outcome of any completed BJC proceeding, or the procedures Judge Gay used to reach a given outcome, the plaintiff's claims are barred by the *Rooker-Feldman* doctrine. This principle of law "generally provides that lower federal courts may not engage in appellate review of state-court decisions." *In*

*re Isaacs*, 895 F.3d 904, 912 (6th Cir. 2018) (discussing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). "For *Rooker-Feldman* purposes, 'the form of the proceeding is not significant. It is the nature and effect which is controlling.'" *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012) (quoting *Feldman*, 460 U.S. at 482). Here, Judge Gay's rulings on the plaintiff's BJC complaints were "state court decisions" for *Rooker-Feldman* purposes because BJC inquiries are judicial in nature and address claims on the merits.[1] *See id.* (internal citations and quotation marks omitted); *see also id.* (citing *Raymond v. Moyer*, 501 F.3d 548, 553–54 (6th Cir. 2007)) ("[L]aw-practice determinations by bar associations are state court decisions for the purposes of the *Rooker-Feldman* doctrine, even if no hearing is held and there is no opportunity to appeal.").

The primary contention in the complaint is that Judge Gay—the only defendant in this action—harmed the plaintiff through his rulings on the plaintiff's BJC complaints. Such claims against "the presiding judge" in a state proceeding "directly implicate[] *Rooker-Feldman* concerns." *Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013); *see also id.* (citing *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)) ("[E]rrors made by state court judges are barred from consideration."). Therefore, the court cannot consider claims challenging Judge Gay's handling of the state BJC proceedings. *See In re Cook*, 551 F.3d 542, 547–48 (6th Cir. 2009) (citing *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008)) (explaining that a federal district

---

[1] That is true regardless of when the rulings were issued. The current version of the statutes governing the BJC, which went into effect on July 1, 2019, establish "broad powers to investigate, hear, and determine charges," and authorize the board to "use, exercise, and enjoy any of the powers normally exercised by courts of record in this state." Tenn. Code Ann. § 17-5-301(a)–(b). The previous version of the statutes, in effect from July 1, 2012 through June 30, 2019, provided the same authority. *See* About the Board of Judicial Conduct, TENNESSEE STATE COURTS, https://www.tncourts.gov/boards-commissions/court-judiciary/about (last visited Aug. 27, 2021); *Brown v. Craft*, No. 17-2938-SHM-dkv, 2018 WL 3059626, at *3 (W.D. Tenn. Jan. 31, 2019) (citing previous version of statute), *report and recommendation adopted*, 2018 WL 1558108 (W.D. Tenn. Mar. 30, 2018).

court cannot review claims arising directly out of state proceedings, "regardless of whether the party challenges the validity of the state court judgment on constitutional grounds").

Second, even if the court has jurisdiction to consider the types of claims asserted in the complaint, the plaintiff does not have standing to pursue them. Article III of the United States Constitution requires the party invoking federal jurisdiction to establish standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). "[S]tanding consists of three elements," such that the plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Without addressing the second element, it is clear that the plaintiff has not established elements one and three.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). Through the BJC complaints, the plaintiff attempted to trigger an investigation and/or formal disciplinary charges against Judge Carter (as well as Judges Gay and Brigham). But just as a private citizen does not have a legally cognizable interest in the criminal investigation of government officials, the plaintiff does not have a legally cognizable interest in the disciplinary investigation of state court judges. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *see also Gratton v. Cochran*, Nos. 19-5176/5555, 2020 WL 2765775, at *2 (6th Cir. Jan. 2, 2020) (quoting *Sargeant v. Dixon*, 130 F.3d 1067, 1070 (D.C. Cir. 1997); *Linda R.S.*, 410 U.S. at 619)) ("Interests 'in the prosecution of government officials and in seeing that the laws are enforced . . . are not legally cognizable within the framework of Article III.'").

The plaintiff therefore does not have a cognizable interest in the BJC proceedings sufficient to confer standing.

The plaintiff also has not established redressability. Redressability is the "likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998) (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 45–46 (1976)). "[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon*, 426 U.S. at 38, 43). Here, assuming the plaintiff has a legally cognizable interest in undermining the validity of his convictions, "the vindication of that interest on the basis of the allegations in his complaint is too speculative . . . to support his standing." *Sargeant*, 130 F.3d at 1069 (citing *Lujan*, 504 U.S. at 561). That is, it is "highly speculative" that the relief requested "would lead to . . . ultimate collateral relief on [the plaintiff's] sentence." *See Bain v. Vt. Dist. Court*, No. 1:06-CV-214, 2007 WL 4412032, at *5 (D. Vt. Dec. 14, 2007) (rejecting request for court to order federal prosecutors to present evidence to grand jury). Accordingly, the plaintiff does not have standing to sue Judge Gay for his actions in the context of the BJC proceedings.

Third, even if the court has jurisdiction to consider the plaintiff's claims and the plaintiff has standing, he fails to state a claim upon which relief can be granted under Section 1983. That is because the plaintiff does not have a personal federal due process right arising out of the BJC proceedings he initiated against the state court judges. *See Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1568 (10th Cir. 1993) (quoting *Saier v. State Bar of Mich.*, 293 F.2d 756, 761 (6th Cir. 1961)) ("[T]he right to require the State Bar to process appellant's request for an investigation of certain lawyers is not a right guaranteed by the Federal Constitution."); *see also id.* at 1567 ("The fact is that the only one who stands to suffer direct injury in a disciplinary proceeding is the lawyer

involved."). The plaintiff therefore fails to state a claim against Judge Gay. *See Jones v. Blackburn*, No. 3:14-cv-01229, 2014 WL 2480601, at *6 (M.D. Tenn. June 2, 2014) (dismissing claims against a judge and BJC member who dismissed a BJC complaint).

Fourth, even if the court has jurisdiction, the plaintiff has standing, and the complaint asserts a plausible claim under Section 1983, Judge Gay is nonetheless entitled to absolute judicial immunity. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)). This "doctrine is expansive, applying even when a party alleges that the judge acted maliciously or violated its constitutional rights." *HLV, LLC v. Van Buren Cnty.*, 775 F. App'x 204, 210 (6th Cir. 2019) (citing *Bright v. Gallia Cnty.*, 753 F.3d 639, 648–49 (6th Cir. 2014)). There are only two situations in which judicial immunity does not apply: where "liability aris[es] from non-judicial actions, say driving to and from work," *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)), and where a judge "act[s] 'in the complete absence of all jurisdiction.'" *Id.* (citing *Mireles*, 502 U.S. at 12). Here, the plaintiff alleges that Judge Gay, as the BJC chair, failed to follow and enforce BJC procedures. But Judge Gay's actions or inactions in the context of a BJC proceeding are judicial in nature, even if the plaintiff finds them objectionable. The plaintiff also does not allege that Judge Gay acted in the complete absence of jurisdiction. Accordingly, Judge Gay is entitled to absolute immunity from this suit.

## II. Conclusion

For all of these reasons, this action is **DISMISSED**, 28 U.S.C. § 1915A, and the court **CERTIFIES** that an appeal in this matter would not be taken in good faith. Accordingly, the plaintiff will not be granted leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3).

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge